UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILBERT WHYMS,

    Petitioner,

v.                                          Case No.  4:16cv38/WS/CJK

JULIE L. JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record.  (Doc. 18).  Petitioner has filed a response. (Doc. 20).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On January 14, 2005, petitioner was convicted, pursuant to his counseled, negotiated no contest plea to conspiracy to traffic in cocaine (Count 2, a first degree felony), and possession of cannabis (Count 5, a misdemeanor), in Leon County Circuit Court Case No. 2004-CF-329. (Doc. 18, Ex. A, pp. 18-19 (written plea agreement), pp. 24-31 (judgment and sentence)).[1] The offenses were part of a five-count amended information. (Ex. A, pp. 1-2). Pursuant to the negotiated sentence, petitioner was sentenced on Count 2 to 9 months in jail followed by 4 years of probation, and on Count 5 to a concurrent term of 9 months in jail. (Ex. A, pp. 24-31). Judgment was rendered January 14, 2005. (*Id.*). An order of probation was entered January 21, 2005, nunc pro tunc to January 14, 2005. (*Id.*, pp. 32-36). Petitioner did not appeal from the judgment.

On February 25, 2009, petitioner was found guilty of violating his probation. (Ex. B). On March 12, 2009, petitioner was adjudicated guilty of the violation, his probation was revoked, and he was sentenced to 15 years of imprisonment. (Ex. A, pp. 50-57 (judgment and sentence); Ex. A, p. 59 (probation revocation order)). Petitioner appealed, but his appeal was dismissed on June 18, 2009, with citation to

---

[1] All references to exhibits are to those provided at Doc. 18.

*Case No. 4:16cv38/WS/CJK*

*Proctor v. State*, 845 So. 2d 1007 (Fla. 5th DCA 2003). *Whyms v. State*, No. 1D09-1663, 13 So. 3d 524 (Fla. 1st DCA 2009) (Table) (copy at Ex. D). The mandate issued August 20, 2009. (Ex. E)

On July 9, 2009, petitioner filed a *pro se* motion to correct sentencing error, which the state circuit court construed as a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Ex. F, pp. 1-10).[2] The state circuit court denied relief. (*Id.*, pp. 11-12). The First DCA affirmed, per curiam and without written opinion. *Whyms v. State*, No. 1D10-1159, 36 So. 3d 662 (Fla. 1st DCA 2010) (Table) (copy at Ex. I). The mandate issued June 15, 2010. (Ex. K).

On July 11, 2011, petitioner filed a *pro se* petition for belated appeal in the First DCA, seeking a belated appeal from his VOP judgment. (Ex. L). The petition was denied on September 12, 2011, with citation to Fla. R. App. P. 9.141(c)(5)(A). *Whyms v. State*, No. 1D11-3801, 69 So. 3d 370 (Fla. 1st DCA 2011) (copy at Ex. O).

---

[2] Throughout her motion to dismiss, respondent deems petitioner's various *pro se* state court pleadings and federal habeas petition as "filed" on the date they were docketed by the court. Under the prison mailbox rule, a prisoner's *pro se* pleading is deemed filed on the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Florida applies the same rule to *pro se* postconviction pleadings filed by prisoners, *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992), and to *pro se* appellate pleadings filed by prisoners, Fla. R. App. P. 9.420(a)(2).
Case No. 4:16cv38/WS/CJK

On January 2, 2013, petitioner filed another *pro se* motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a).  (Ex. Q, pp. 1-13).  The state circuit court denied relief.  (*Id.*, pp. 14-24).  The First DCA affirmed on April 23, 2013, per curiam and without written opinion.  *Whyms v. State*, No. 1D13-0633, 113 So. 3d 839 (Fla. 1st DCA 2013) (Table) (copy at Ex. T).  The mandate issued June 19, 2013.  (Ex. W).  On July 3, 2013, petitioner filed a petition for discretionary jurisdiction in the Florida Supreme Court regarding the denial of his Rule 3.800(a) motion.  (Ex. X).  The petition was dismissed for lack of jurisdiction on August 27, 2013.  *Whyms v. State*, No. SC13-1413, 123 So. 3d 562 (Fla. 2013) (Table) (copy at Ex. Y).

On September 30, 2013, petitioner filed a *pro se* petition for writ of certiorari in the First DCA regarding the denial of his motion to correct illegal sentence.  (Ex. Z).  The First DCA dismissed the petition on January 24, 2014.  *Whyms v. State*, No. 1D13-4825, 149 So. 3d 29 (Fla. 1st DCA 2014) (Table) (copy at EE).  The mandate issued March 28, 2014.  (Ex. HH).  Petitioner's motion for reconsideration (Ex. II) was denied on April 25, 2014.  (Ex. JJ).

On May 7, 2014, petitioner filed another *pro se* petition for discretionary jurisdiction in the Florida Supreme Court regarding the denial of his motion to correct illegal sentence.  (Ex. KK).  The petition was dismissed for lack of

jurisdiction on July 14, 2014. *Whyms v. State*, No. SC14-952, 147 So. 3d 531 (Fla. 2014) (Table) (copy at Ex. LL).

On August 14, 2014, petitioner filed another *pro se* petition for writ of certiorari in the First DCA regarding the denial of his motion to correct illegal sentence. (Ex. MM). The First DCA denied the petition on February 16, 2015, and cautioned petitioner that any further attempt to seek review in that court of the sentence imposed in his criminal case may result in the imposition of sanctions against him. *Whyms v. State*, No. 1D14-3616, 157 So. 3d 524 (Fla. 1st DCA 2015) (Table) (copy at PP).

On March 9, 2015, petitioner filed another *pro se* petition for discretionary jurisdiction in the Florida Supreme Court regarding the denial of his motion to correct illegal sentence. (Ex. QQ). The Florida Supreme Court declined to accept jurisdiction and denied the petition on September 24, 2015. *Whyms v. State*, No. SC15-457, 177 So. 3d 1276 (Fla. 2015) (Table) (copy at Ex. TT).

Petitioner filed his federal habeas petition on January 20, 2016. (Doc. 1, p. 1). Respondent asserts that the petition is untimely. (Doc. 18). Petitioner's response addresses the merits of his claims, but not the timeliness issue. (Doc. 20).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's VOP judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner states that he appealed from his March 12, 2009, VOP judgment, and that his judgment was "per curiam affirmed" on April 23, 2013, in First DCA Case No. 1D13-0633. (Doc. 1, p. 2). The appeal petitioner references is not the direct appeal from his VOP judgment, but rather the appeal from the circuit court's order denying his second Rule 3.800(a) motion to correct illegal sentence. *Whyms v. State*, No. 1D13-0633, 113 So. 3d 839 (Fla. 1st DCA 2013) (Table) (copy at Ex. T).

Petitioner's direct appeal from the March 12, 2009, VOP judgment was First DCA Case No. 1D09-1663. That case was opened upon petitioner's filing a "Motion of Appeal" in the state circuit court on April 4, 2009. (Ex. A, pp. 60-61; *see also* Fla. R. App. P. 9.420(2) (incorporating prison mailbox rule into provision governing inmate filings)). The state circuit court docketed the "Motion of Appeal" on April

6, 2009, and treated it as a notice of appeal. (*See* Ex. A, (index accompanying record on appeal, indicating that petitioner's Motion of Appeal, docketed April 6, 2009, was treated as a notice of appeal)). Petitioner filed an amended notice of appeal on April 16, 2009, wherein he identified (incorrectly) the date of rendition of the order to be reviewed as February 26, 2009. (Ex. A, pp. 62-63). In petitioner's subsequently filed initial brief, he identified the date of the VOP revocation and sentence as March 12, 2009. (Ex. C, p. 5). The First DCA dismissed the appeal on June 18, 2009, with citation to *Proctor, supra*. *Whyms v. State*, No. 1D09-1663, 13 So. 3d 524 (Fla. 1st DCA 2009) (Table) (copy at Ex. D). In *Proctor*, the Florida Fifth District Court of Appeal held that the failure to file a notice of appeal within 30 days of the rendition date of the order to be reviewed deprives the appellate court of jurisdiction to hear the appeal. 845 So. 2d at 1008 (*citing* Fla. R. App. P. 9.140(b)(1)(D) & (3)). The Fifth District in *Proctor* dismissed the prisoner's appeal without prejudice to his filing a petition in that court seeking a belated appeal in compliance with the requirements of Rule 9.141. *Proctor*, 845 So. 2d at 1008.

Petitioner's VOP judgment and final order revoking his probation was rendered March 12, 2009. Under Florida Rule of Appellate Procedure 9.140, and *Proctor, supra*, petitioner was required to file a notice of appeal with the clerk of the circuit court sometime between the March 12, 2009, and 30 days following that date.

Fla. R. App. P. 9.140(b)(3); *Proctor*, 845 So. 2d at 1008. Petitioner appears to have filed his original notice of appeal within that time.

Respondent argues that "since [petitioner] did not file a timely notice for direct appeal", his conviction "became final on direct review on April 11, 2009, thirty days from the date of his judgement [sic] and sentence". (Doc. 18, p. 6). Respondent's position appears to be that because petitioner's direct appeal was dismissed as untimely, his April 4, 2009, notice of appeal had no effect on the finality of his judgment for purposes of § 2244(d)(1)(A). This court need not decide whether respondent is correct, because even giving petitioner the benefit of all doubt by giving effect to his notice of appeal, by calculating the finality of his judgment under both clauses of § 2244(d)(1)(A), and by giving petitioner the benefit of the most generous calculation, his federal habeas petition is untimely.

The most liberal calculation of the finality date of petitioner's VOP judgment is September 16, 2009.[3] This calculation gives effect to petitioner's April 4, 2009,

---

[3] Other possible "finality" dates would be:

- April 13, 2009, which is 30 days from rendition of the March 12, 2009, judgment (April 11, 2009, was a Saturday);
- June 18, 2009, which is the date of the First DCA's dismissal order in petitioner's direct appeal;
- August 20, 2009, which is the date the mandate issued in petitioner's direct appeal.

*Case No. 4:16cv38/WS/CJK*

notice of appeal and delays the finality of his judgment not only through the pendency of his direct appeal (dismissed by the First DCA on June 18, 2009), but also through the 90-day period following the First DCA's dismissal order (the 90-day period for seeking certiorari review in the United States Supreme Court, if such review was available). The law, of course, does not support this generous calculation, but the analysis best illustrates the point. The federal habeas limitations period would begin to run on September 17, 2009, *see San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period begins to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1))), and, due to the pendency of petitioner's first Rule 3.800(a) proceeding (filed on July 9, 2009), would be statutorily tolled under § 2244(d)(2), until June 15, 2010, the date the mandate issued in petitioner's appeal from the order denying relief. (Ex. K; *see also Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the limitations period, until the appellate court's issuance of the mandate on appeal)). The limitations period would begin to run once more on June 16, 2010, and expire one year later on June 16, 2011. None of petitioner's subsequently filed state court applications would have any effect on the limitations period, because there was no period left to be tolled. *Hutchinson v.*

*Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (*citing McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009), and *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008), *abrogated on other grounds by Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011))).  Petitioner's federal habeas petition was not filed until January 20, 2016, and is untimely.

## CONCLUSION

The dispositive circumstance in this case is that petitioner allowed more than 1 year to lapse between the date his first Rule 3.800(a) proceeding came to an end, and the date he filed his next application for state postconviction or other collateral review.[4]  Petitioner's federal habeas petition is untimely.  Petitioner does not argue, and there is no basis in the record to find, that petitioner is entitled to equitable tolling or any exception to the limitations bar.  Petitioner's failure to timely file his federal habeas petition requires dismissal of this case.

---

[4] Petitioner also allowed more than 1 year to lapse between the conclusion of his first Rule 3.800(a) proceeding on June 15, 2010, and the filing of his second tolling motion (another Rule 3.800(a) motion) on January 2, 2013.  (Ex. Q, pp. 1-13).  Petitioner's petition for belated direct appeal, which was denied, does not qualify for statutory tolling under § 2244(d)(2).  *Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301 (11th Cir. 2016) (holding that a petition for a belated direct appeal filed under Fla. R. App. P. 9.141(c) does not qualify as an "application for State . . . collateral review" under § 2244(d)(2), and does not toll the limitations period).

*Case No. 4:16cv38/WS/CJK*

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

*Case No. 4:16cv38/WS/CJK*

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 18) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgments of conviction and sentences in *State of Florida v. Wilbert Whyms*, Leon County Circuit Court Case No. 2004-CF-329, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 24th day of January, 2017.


*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.